## RIDDLE v. DRIVER.

1. Where wood has been converted and made into coal, by the defendant, the owner is entitled to maintain trover for the coal.

Writ of Error to the Circuit Court of Talladega.

Trover by Driver against Riddle, for fifteen hundred bush-els coal.

At the trial, there was evidence tending to show a quantity of wood had been cut by the hands in the employment of the plaintiff, in the vicinity of a coaling ground, on public land. There was also evidence tending to show that these hands, when they cut the wood, were in the employment of the defendant. The plaintiff employed the men who hauled the wood to the coal pit. An agent for the defendant forbid these men to haul the wood for the plaintiff, but he told them to go on hauling the wood for the defendant, and they should be paid. The plaintiff told these men to continue hauling for him, and they should be paid. The evidence was con-flicting and uncertain, as to whose employ the men were un-der, by whom the wood was burned into coal.

On this state of proof the defendant asked the court to charge the jury, that if the coal sued for, was converted by the de-fendant, whilst it was wood, the plaintiff could not recover in this action. This was refused, and the defendant excepting, it is now the only error assigned.

L. E. Parsons, for the plaintiff in error, insisted, the plain-tiff, by this action, abandons his property in the thing, as he is willing to accept damages for its conversion. If *wood* was converted, the identity is changed by transforming it to *coal*, and trover will not lie for the latter. [White v. Martin, 1 Porter, 215 ; Strong v. Strong, 6 Ala. Rep. 345, Lee v. Mat-thews, 10 Ala. Rep. 689 ; Lampton v. Preston, cited in 2 Pyrt. Dig. 303.]

J. T. Morgan, contra, cited Glaze v. McMillan, 7 Porter, 279; St. John v. O'Connell, Ib. 466.

GOLDTHWAITE, J.—On authority, this case was cor-rectly decided by the court below. It seems to have been a well settled rule of the ancient common law, that the owner of a chattel retained his right of property in it, so long as it was capable of being identified as the same thing, although its

form might have been entirely changed. [Viner's Ab. Prop. F, 5.] The precise question with reference to property in coal, where the wood belonged to the plaintiff, was determined in Curtis v. Grant, 6 Johns. 168. So, where logs were converted, and sawed into boards or shingles, it has been held that trover for the boards or shingles may be brought. [Betts v. Lee, 5 Johns. 348 ; Brown v. Sax, 7 Cowen, 95.] It is posssble the jury might consider the value of the defendant's labor, on the rough material, in estimating the damages; but as to this we give no opinion, as no point upon it was made in the court below. The contrary, however, was held in the case last cited. Judgment affirmed.