## Street *v.* Nelson.

### *Trover.*

1. *Written contract under which rights of parties to be determined; refusal to require production of when the record shows plaintiff had it in court a reversible error.*—As held in this case on the former appeal (67 Ala. 504), the plaintiff should be required to produce the written contract with Robbs Brothers under which the timber was felled, and by which the relative rights of the parties are to be determined; and the refusal to require the production of this paper, when the record shows that the plaintiff had it in court, is a reversible error.

2. *Felling and conversion of timber by trespasser upon land; when owner may maintain trover or detinue.*—When a trespasser enters upon land, fells timber, and converts it to his own use, the owner may maintain trover for the conversion, or detinue for the property, if it can be identified, notwithstanding any change in its form; but this principle does not apply to timber cut by an adverse possessor.

3. *Trover; legal title or present right to possession necessary to main-*

[Street v. Nelson.]

*tain.*—To maintain trover, the plaintiff must have a right to the property itself, not a mere lien on it; a legal title, or present right to possession.

APPEAL from the Circuit Court of Talladega.

Tried before Hon. L. F. Box.

The facts sufficiently appear from the opinion taken in connection with the previous report of the case in 67 Ala. (*Street v. Nelson*, p. 504).

BOWDEN & KNOX, for appellants.

STONE, C. J.—This case has been once before in this court. *Street v. Nelson*, 67 Ala. 504. In that trial, as in this, the circuit court had refused to require Nelson & Kelly to produce the written contract with Robbs Bros., under which the timber had been felled, and converted into coal. We reversed the judgment of the Circuit Court on account of that ruling. We said: "That [contract] defines and determines the relative rights of the parties as between themselves, and was a main issue, if not the main issue in the cause. The Circuit Court erred in not requiring the production of that contract in evidence, as the best exponent of its terms, and of the relative rights of the parties to this suit." The present record, after stating that Kelly, the witness, admitted on the stand that he had the contract in court, shows that the court refused to require him to produce it; and thus the precise question then ruled on is again before us in the same case. This imposes on us the duty of again reversing the judgment of the Circuit Court.

There is a rule of law, that if a trespasser enter upon the land of another, and fell his timber, and afterwards detain, or convert it to his own use, detinue or trover may be maintained for the detention, or conversion. And the conversion of the timber into something much more valuable does not impair the plaintiff's right of recovery, so long as it can be individualized and identified. "Whatever alteration of form any property has undergone, the owner may seize it in its new shape, if he can prove the identity of the original materials; as if leather be made into shoes, or cloth into a coat, or a tree be squared into timber." *Betts v. Lee,* 5 Johns. 348; *Curtis v. Groat,* 6 Johns. 168; *Brown v. Sax,* 7 Cow. 59; *Wright v. Guier,* 9 Watts, 172; *Riley v. Boston Water Power Co.,* 11 Cush. 11 ; *Note to Armory v. Delamivir,* 1 Smith's Lead. Ca. 8th Ed. part 2, 707; *Cooper v. Watson,* 73 Ala. 252; *Riddle v. Driver,* 12 Ala. 590.

There is an exception to this rule, when the person who com-

[Reynolds et al. v. Caldwell et al.]

mits the trespass and converts the timber is in the adverse possession of the land.   Title and right of possession of lands can not be determined in a mere suit for the conversion of timber. *Beatty v. Brown*, 76 Ala. 267; 1 Smith Lead Ca. 8th Ed. part 2, 704.

The present case is not influenced by the principles stated above.   The proof of Kelly himself shows that Robbs Bros. entered upon the land, not as trespassers, but under a written contract with Nelson & Kelly, or Kelly & Co., the alleged owners of the land, to cut the timber and convert it into coal. There was then no conversion up to this point.   If there was a conversion, it was in the sale to Street.   Nelson & Kelly's right to maintain the action of trover depends on the nature and title of the claim they had to the coal and timber, and that depends on the written contract between them and Robbs Bros., and the extent the contracting parties had performed its stipulations. In other words, according to the tendency of the testimony in this record, it depends, not on the ownership of the land, as it would probably be if Robbs Bros. had cut the timber and converted it into coal, as mere trespassers; but the real inquiry is, whether by a compliance with the executory provisions of the contract, or in some other way, a right had accrued to the plaintiff, in their joint name, to demand and recover the coal and timber, or the value of them.   To maintain such action, they must have had a right to the thing, and not a mere lien: A joint legal title, or joint, present right of possession. 1 Smith Lead. Ca. part 2, 8th Ed. 704; 2 Brick. Dig. 484, §§ 3, 4.

Under the principles declared above it is not necessary that we pronounce on the various exceptions to the charges given and refused.   It is manifest that the testimony on another trial will be materially variant from that found in this record, and the instructions will probably be varied accordingly.   The Circuit Court did not err in refusing to receive evidence of Street's reply, when the property was demanded of him by Kelly.

Reversed and remanded.