# White v. Yawkey.

### Action of Trover.

1. *Trover; measure of damages.*—In an action of trover against an unintentional trespasser or his innocent vendee, for the conversion of timber cut from the land of plaintiff, when the value has been enhanced by the labor of the trespasser in preparing and transporting the chattels to market, the measure of damages is the value of the property immediately after severance, when it becomes a chattel, with interest thereon.

2 *Same; possession of plaintiff to sustain.*—To maintain trover for the conversion of timber severed from land, legal title in the plaintiff, which draws to it, constructive possession, is, in the absence of advese possession of another, sufficient.

5. *Immaterial issue; charge thereon.*—When the plaintiff takes issue upon an immaterial plea, and the evidence leaves the fact therein alleged, a question for the jury, it is error for the court to refuse to charge the jury to find for the defendant, if they believe from the evidence that the facts alleged in the plea are true.

4. *Trover; unintentional conversion.*—In an action for conversion of timber cut from lands of the plaintiff, a mistake by the defendant as to boundaries and an honest belief as to owership would constitute

[White v. Yawkey.]

no defense to the action, though it might affect the amount of recovery.

APPEAL from Geneva Circuit Court.

Tried before Hon. J. R. TYSON.

This was an action of trover, brought by appellee against the appellants, to recover damages for the conversion by them of certain timber, alleged to have been cut from the land of the plaintiff.

The defendants plead (1) the general issue; (2) that the plaintiff was not the owner of the land from which the timber was cut; (3) that the plaintiff was not in the actual possessson of such land at the time of the conversion; (4) that at the time of the alleged conversion, the defendants were rightfully engaged in cutting timber from land adjoining that described in the complaint, and that if they converted any timber of the plaintiff, it was innocently and unintentionally done, and grew out of their ignorance of the true dividing line between the land of the plaintiff, and that on which they had a right to cut. The facts upon which the case was tried, and the rulings of the court are sufficiently shown in the opinion.

M. E. MILLIGAN, for appellant.—On measure of damages, cited 27 Ala. 468; *Curry v. Wilson*, 48 Ala. 638; *Renfro v. Hughes*, 69 Ala. 581; Sutherland on Damages 528; *Williams v. Crim*, 27 Ala. 468; *Isle Royal Mon. Co. v. Hertin*, 37 Mich. 54 Am. Rep. 415; 26 Am. & Eng. Encyc. L. 829.

J. J. MORRISON, *contra.*—The legal title of plaintiff was sufficient to maintain the action.—*Cooper v. Watson*, 73 Ala. 252.

On measure of damages, cited.—*Street v. Nelson*, 80 Ala. 230.

HEAD, J.—The case was tried in the lower court upon the second count of the complaint, which was in *trover*, and claimed damages "for the conversion of one hundred pine logs cut and taken away" from the lands of the plaintiff. The material facts are that within a year prior to the commencement of the suit one Jack Brewer cut the pine logs from the timber lands belonging to the plaintiff, and sold them to the defendants to

[White v. Yawkey.]

be delivered on the banks of Pea River, where he did in fact deliver them; and that neither he nor the defendants knew at the time the cutting was done that trespasses were being committed on the plaintiff's property, this fact not having been discovered, until a survey was made sometime after the acts complained of had been performed. The defendants disposed of the logs, which were worth four cent per foot, at Pea River. These facts were established by the plaintiff's witness and in regard to them there was no dispute. With a view to mitigating the damages, the defendants offered to prove the value of the logs prior to their removal from the land, accompanying the offer with the statement to the court, that they expected to prove the logs were worth materially more after being transported to and placed on the banks of Pea River, than they were before such removal. The court refused to allow this proof to be made, and to the ruling an exception was duly reserved. This presents the single question of the merit to be decided upon the appeal.

It will be observed from the foregoing statement, that the record makes the case of a conversion by purchasers, innocent of wrong doing, from an inadvertent trespasser, who by the expenditure of time, labor and doubtless money, had enhanced the value of the pine logs, after their severance from the freehold and transformation into chattles. The effect of the ruling of the circuit court was to exclude from the jury all evidence upon the subject of value, except that confined and limited to the place of delivery to the defendants, and thereby to necessitate a verdict for the value at that place, as being the only authorized measure of damages, justified by the facts of the case. If the law authorized or required the recovery to be calculated upon the basis of the lesser value, under the circumstances stated, it is obvious the ruling of the circuit court was erroneous and prejudicial to appellants. No Alabama case has been found or cited in which the question here presented has been adjudicated. In *Riddle v. Driver*, 12 Ala. 590, decided in 1847. where *trover* was brought for fifteen hundred bushels of coal into which the wood of the plaintiff had been transformed by the defendant, it was suggested by the court as a possibility, that the jury might consider the value of the defendant's labor on the rough material in esti-

mating the damages, but no opinion was given upon the point, as no question upon the measure of damages had been made in the lower court, and hence the case did not call for an authoritative adjudication in respect of the amount of the plaintiff's recovery.   No occasion seems, subsequently, to have arisen for a decision by this court, as to the measure of damages, which a plaintiff ought to recover in an action of trover, against an unintentional trespasser, or his innocent vendee, where, as frequently happens when portions of the realty are severed, the value has been enhanced by the labor of the trespasser in preparing and transporting the chattels to market.   Many cases, however, are to be found upon this question in the reports of other American States, and the English judges have likewise frequently considered and decided it.   It would be tedious to review the numerous cases we have examined, and it is unnecessary to do so.   It is sufficient to say that the modern authorities are practically unanimous in holding that the rule of just compensation for the injury sustained, which is the ideal measure of actual damages, does not require the assessment, against an inadvertent trespasser, of the accession to the value of a chattel, which his labor has produced; but that he is entitled to an abatement therefor from the enhanced value.— *Winchester v. Craig*, 33 Mich. 205; *Beede v. Lamprey*, 64 N. H. s. c ; 10 Am. St. Rep. 426, and many authorities cited in each of those cases; 26 Am. & Eng. Enc. Law, p. 829. The same rule prevails when trover is brought against the unintentional trespasser's innocent vendee, who is treated as standing in the shoes of his vendor.   Such is this case.—*Bolles Wooden Ware Co. v. U. S.*, 106 U. S. 432; *Whitney v. Huntington*, (Minn.) 33 N. W. Rep. 561. It is no answer to this to say that the plaintiff might have brought detinue for the logs wherever he might have found them, short of a change of identity and thereby have recovered them *in specie* after their value had been enhanced.   In detinue the title prevails, and the question of damages is not considered.   If a party aggrieved elects to bring the equitable action of trover, the assessment of damages may be so adjusted as to compensate the plaintiff for his injury, without paying him a preminm or depriving an innocent party of that which he has in good faith added to the chattel.— *Weymouth v.*

18

[White v. Yawkey.]

*Chicago & N. W. R'y Co.*, 17 Wis. 550, s. c. 84 Am. Dec. 763.

The rule is different if the trespass is wilful or in bad faith.—*Nesbitt v. Lumber*, 21 Minn. 49; *Parker v. Waycross & F. R. R. Co.*, 81 Ga. 395; *Heard v. James*, 49 Miss. 236; *Tuttle v. White*, 46 Mich. 485; *Bolles Wooden Ware Co. v. U. S.*, *supra*.

The authorities do not agree upon the question whether, in trover against an inadvertent trespasser, or his innocent vendee, for severed portions of the realty, the rule is to allow the value of the property in place, as if it had been purchased *in situ* by the defendant, at the fair market value of the district, as for instance, the value of timber standing, or for coal or ore mined; the value in place, or whether the value to be taken as the basis of recovery is that of the property converted, immediately after severance, when it become a chattel. The case of *Wood v. Morewood*, 3 C. B. 440, which is regarded as conflicting with the earlier English cases, is the leading English, and *Forsyth v. Wells*, 41 Pa. St. 295, (80 Amer. Dec. 617), subsequently criticised in that State, is one of the leading American cases, supporting the rule first stated and they have been frequently followed. Many cases, which are often cited in favor of the same rule may be distinguished by noting they were not actions of trover, or that they arose in States which have abolished forms of action, or that the decisions were made in proceedings in equity where the courts were not influenced by the technical rules governing the various common law actions. In this State, forms of action have not been abolished, and parties must be here held to the legitimate and logical consequences of the particular action, which has been instituted.

Trover is brought for the conversion of personal property and it would seem incongruous to say, that the damages could be assessed upon the principle adopted in actions of trespass *quare clausum fregit*, when the gravamen of the complaint is essentially different. Cases can be easily perceived, in which the value of the timber after severance would very inadequately compensate the owner for the trespass. This would be so, when the trees were prematurely cut, or were valuable for shade or fruit. Under such circumstances, he may accommodate his selection of a form of action to the necessities of

the case, and bring trespass for entering his land and severing and removing timber or trees, in which case he would recover, as actual damages, the diminished value of the land, or to state it more definitely, the value of the tree standing and any injury to the freehold by reason of their removal.—*Foote v. Morrill*, 54 N. H. s. c., 20 Am. Rep. 151; *Mitchell v. Billingsly*, 17 Ala. 391; 26 Am. & Eng. Enc. Law, pp. 563–566. When trover is brought, the trespass upon the land is, so to speak, waived or disregarded; and when brought, for the conversion of logs or trees as chattels, under the circumstances of this case, the true rule, in our opinion, is the second above stated, according to which the value immediately after severance, with interest, furnishes the proper measury of recovery. And this holding is well sustained by authority.—*Reede v. Lamprey, supra; Barclay v. Railroad Co.*, (S. D.) 54 N. W. 596; *Moodey v. Whitney*, 38 Me. 174, s. c. 61 Am. Dec. 239; *Omaha Smelting Co. v. Tabor*, 13 Cal. 41; *Smith v. Grider*, 22 Ga. 353. The circuit court erred in rejecting the proffered proof.

The third plea was no answer to the complaint, and if it had been demurred to, would doubtless have been adjudged insufficient. Actual possession of land, if thereby is meant, *possessio pedis*, is not required to maintain an action for the conversion of timber severed from the freehold. The legal title, which draws to it constructive possession is, in the absence of adverse possession by another, sufficient:—*Cooper v. Watson*, 73 Ala. 252. But the plaintiff took issue upon the plea, and the evidence left it a question for the jury whether the plaintiff had actual possession of the land at the time the trees were cut. Though the issue was, in law, immaterial, the parties made it material by their pleadings; so that, if plaintiff was not in actual poosession, as alleged, the plea was established, and defendants were entitled to a verdict. The court, therefore, erred in refusing the first charge requested by the defendants.

The fourth plea was likewise demurrable. A mistake as to boundaries and an honest belief as to ownership would constitute no defense to the action, although it might affect the amount of recovery. There is, however, no evidence in the record that the defendants were engaged in cutting trees on adjacent lands, nor that they cut the trees, for whose conversion the suit was brought.

The cutting was done by one Brewer, who sold the logs to the defendants. In other words, the fourth plea was not proven.

Before another trial, these insufficient pleas should be eliminated by a demurrer. Cases ought not to be tried on false issues. No good reason can be seen for filing special pleas containing averments of facts, that may be availed of under the general issue, and the practice of complicating and confusing a case, with numerous unnecessary special pleas, upon which parties are often led, in the hurry of a trial, to take issue, to the detriment of the right of the cause, ought not to be pursued.

The court did not err in refusing the affirmative charge to the defendants.

We need not comment particularly on the charge requested by the defendants, upon the measure of damages, as what we have already said upon that subject will enable the circuit court to declare properly the law on another trial.

For the error in rejecting the evidence, designed to mitigate the damages, and in refusing said charge, the judgment is reversed and the cause remanded.