(76 South. 941)

MAY v. WILLIS. (8 Div. 987.)

(Supreme Court of Alabama. Nov. 29, 1917.)

1. BOUNDARIES ☞54(6)—SURVEYS—PRESUMPTION.

A line run by a county surveyor at the instance of one party without notice to the other as required by Code 1907, § 6023, is not presumed correct as against such other party.

2. EVIDENCE ☞314(1)—HEARSAY—OFFICIAL SURVEYS—BOUNDARIES.

Testimony of one assisting a surveyor in locating a corner as to such corner is hearsay as against one not notified of the survey as required by Code 1907, § 6023, unless the witness knows of his own knowledge that the location was correct.

Appeal from Circuit Court, Lauderdale County; W. H. Mitchell, Special Judge.

Ejectment by Wesley Willis against Ada May. Judgment for plaintiff, and defendant appeals. Affirmed.

Williams & Roberts, of Florence, for appellant. R. T. Simpson and Paul Hodges, both of Florence, for appellee.

SAYRE, J. Action of ejectment. The case turned upon the correct location of a disputed boundary line between the parties, and this question was left to the jury. Defendant in the court below, appellant here, offered to show by her witness Edgar Gray that about 11 years before the trial he was present when E. S. Gregory, a county surveyor, ran the line between sections 5 and 6 and established a corner 140 yards south of the N. W. corner of the S. W. ¼ of the N. W. ¼ of said section 5, being present and assisting the surveyor. It was quite clear that the establishment of the corner to which the witness referred would, by establishing a point of departure, fix the line in controversy, and thus determine the rights of the parties.

[1, 2] The trial court committed no error in ruling against the competency of the proffered testimony. It was hearsay. Of course, had the issue between the parties been such that the establishment of the location of Gregory's line would have competently tended to establish the true line, and thus to determine the issue, the testimony would have been competent and admissible. But a corner established or line run by Gregory at the instance of one party, in the absence of a compliance with the regulation or requirement of section 6023 of the Code (section 3895 of the Code of 1896), had, as against the opposite party, no more presumption of correctness nor any greater sanction of law than a corner designated or line run by any private individual. Humes v. Bernstein, 72 Ala. 546. Gregory would have been heard, of course, to testify to the correctness of his own corner or line without respect to the provision of section 6023, and likewise the witness Gray would have been heard to so testify out of his own knowledge, but, according to the proffer, he did not pretend to know whether Gregory's corner or line were correctly located. He only knew that Gregory had located them at the place for which defendant contended. His testimony would therefore have been mere hearsay, as we have already said, and was correctly excluded.

Affirmed.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.