(85 South. 562)

**MIXON v. PENNINGTON. (4 Div. 815.)**

(Supreme Court of Alabama. April 22, 1920.
Rehearing Denied June 3, 1920.)

**1. Appeal and error ⬅1058(2)—Exclusion of evidence held harmless in view of other evidence.**

Exclusion of evidence is harmless, the witness having, in response to other questions, gone fully into the matter.

**2. Witnesses ⬅240(8)—Question held leading and calling for conclusion.**

Question "And you were running this line according to the field notes?" is objectionable as leading and calling for conclusion of witness.

**3. Boundaries ⬅35(1)—Testimony held irrelevant on an issue as to a government line.**

Testimony that one who had lived on the land in dispute had cleared the land up to a certain line is irrelevant on an issue as to the government line.

**4. Evidence ⬅314(1)—Testimony that others, surveyors, found trees in accordance with field notes held hearsay.**

Testimony that others, surveyors, found trees in accordance with field notes *held* hearsay.

**5. Boundaries ⬅3(9)—Quantity of land held immaterial as to where section line was located by survey.**

That in half of a quarter section there would be 80 acres or less according to which of two claimed locations of a government section line was accepted is immaterial as to true location of the government line; sections according to government survey, which when its lines are established is conclusive, not being of uniform content, especially along the Florida line.

**6. Boundaries ⬅35(1)—Testimony held to tend to show that defendant's claimed line was the true or government line.**

Testimony in a boundary case, in which defendant relied on a survey made by C., that along the line located by M., another surveyor, and shown by the evidence to be substantially in accord with C.'s survey, witness had cut down trees having deep chops (blazes) in them, and had seen stobs or stakes in the ground, as far back as 20 years, in view of testimony of C. that he had run his line in 1899, marking it by chops on trees and putting down stobs along the line of the government survey, *held* to tend to support defendant's claim that the line to which he claimed was the true, or government, line.

**7. Witnesses ⬅414(1)—Testimony held admissible as corroborative of witness sought to be discredited.**

Testimony tending to show that more than 20 years before some one had run a line practically as described in the testimony of C., who testified to having run his line in 1899, marking it by chops on trees and putting down stobs along the line of the government survey, is admissible in corroboration of C., sought to be discredited by testimony tending to show that C. had run a crooked line—one to suit his client rather than the historical fact.

**8. Witnesses ⬅414(1)—Testimony otherwise objectionable as hearsay admissible in corroboration of witness sought to be discredited.**

Testimony of witness who had stated that he was present when the surveys, one by H. and the other by C., were made, and that they began their surveys at the same point and that they ran along the same line, while objectionable for other purposes as hearsay, was admissible to corroborate C., sought to be discredited by testimony that he had run a crooked line to suit his client, rather than along the government survey.

**9. Witnesses ⬅379(2)—Testimony of statement by witness contrary to his testimony competent to impeach.**

Testimony that witness M. had said that the line run by him as surveyor and testified to by him was not right, that he had made a mistake, was competent by way of impeachment of M.

**10. Boundaries ⬅43—Judgment held to sufficiently establish line.**

Description in judgment, following verdict, establishing line, *held* sufficient; it affording the sheriff very plain directions for laying out the line.

**11. Boundaries ⬅43—Unnecessary extension of line in judgment disregarded.**

Extension in judgment of the line established beyond the part in dispute may be put aside as of no consequence, as it cannot affect so much of the line as is properly found and described.

Appeal from Circuit Court, Houston County; H. A. Pearce, Judge.

Ejectment by Travis Mixon against Thad B. Pennington to establish a boundary line. Judgment for defendant, and plaintiff appeals. Affirmed.

The jury found the line to be as follows:

Commencing at a pine tree on the range line between ranges 26 and 27 at a point 68 feet 4 inches south of a green pine standing on said range line, with a turpentine face on the south side, 57 feet and 7 inches north of a leaning dead pine 2 inches west of said range line, and running east 643 feet to a point 2 feet north of the pine stump scarred on the northwest side; thence east to quarter section post 78 feet west of a post oak tree standing at the west end of a lane running west from Tom De Vane's place.

Farmer, Merrill & Farmer, of Dothan, and Hill, Hill, Whiting & Thomas and R. T. Rives, all of Montgomery, for appellant.

The jury did not find such a line as the sheriff could trace. 186 Ala. 524, 64 South. 611. The witness Merritt was an expert, and should have been allowed to say that it came up to the government survey. 117 Ala. 525, 23 South. 136, 67 Am. St. Rep. 182; 115

Ala. 328, 22 South. 154; 72 Ala. 546; 50 Ala. 91; 181 Ala. 77, 61 South. 434. It was proper for him to testify that he found the witness tree. 21 Ala. 66; 50 Ala. 91. The court erred in admitting the testimony of Dave Teal. 76 South. 941. The case of Yarbrough v. State, 105 Ala. 43, 16 South. 758, is without application to the facts of this case. 20 Ala. 358; 168 Ala. 33, 53 South. 292; 107 Ala. 93, 18 South. 237; 55 Ala. 25; 153 Ala. 178, 44 South. 1032; 115 Ala. 83, 22 South. 565; 83 Ala. 5, 3 South. 525; 103 Ala. 40, 16 South. 12; 181 Ala. 103, 61 South. 295; 2 Ala. App. 73, 57 South. 89; 10 R. C. L. 960; 40 Cyc. 2787; 88 Ark. 451, 115 S. W. 156, 41 L. R. A. (N. S.) 858, and extensive note.

Lee & Tompkins and F. M. Gaines, all of Dothan, for appellee.

No brief came to the reporter.

SAYRE, J. This is the second appeal (74 South. 238 [1]) in a statutory action of ejectment against appellee for the recovery of a tract of land described in count 1 as "commencing at the N. W. corner of the N. W. ¼ of N. W. ¼ of section 31, township 1, and range 27, and running thence south 77 yards, thence east 210 yards, thence north 77 yards, thence west 210 yards to starting point," and in count 2 as follows:

"Commencing at a point on the west side of N. W. ¼, of N. W. ¼ section 31, township 1, range 27, where the survey made by W. R. Koonce in the year 1913 intersects the said west side of the said N. W. ¼ of N. W. ¼, section 31, township 1, range 27, and where Travis Mixon on this day drove down a land stob, and running thence south 77 yards, thence east 200 yards, thence north 77 yards, thence west 210 yards, back to starting point, and the land heretofore described is the same land as is described in count one of complaint."

And the count, in Code form otherwise, concluded with the averment that—

"The true dividing line between said N. W. ¼ of N. W. ¼, section 31, township 1, range 27, and S. W. ¼ of S. W. ¼, section 30, township 1, range 27, is the north boundary line of the said above-described tract of land."

For plea the defendant disclaimed possession of the premises sued for and suggested that the suit arose over a disputed boundary line. Code 1907, § 3843. There was no plea of not guilty. Plaintiff did not take issue on the disclaimer, though it became evident in the course of the trial that the dispute was as to the true location of the line between sections 30 and 31, township 1, range 27, and that, if the line were correctly located in agreement with defendant's contention, defendant was in possession of the land in controversy. Thereupon the court very prop-

erly made up the issue between the parties as one to be determined by the true location of the line between their respective quarter sections, "plaintiff owning the N. W. ¼ of the N. W. ¼ of section 31," etc., "and the defendant owning the S. W. ¼ of the S. W. ¼ of section 30," etc. It will be observed that the issue thus formulated called for the location of a line fixed by the government survey, nothing more, and that the question of title was not in issue; plaintiff waiving any claim of title that may have been acquired by adverse possession prior to defendant's entry upon the premises. Wade v. Gilmer, 186 Ala. 524, 64 South. 611.

[1] Plaintiff's witness Merritt was a surveyor of 25 years' experience and knew the land in controversy. He testified, in substance, that, with the aid of the field notes of the government survey, commencing at the southwest corner of section 31, on the Ellicott line between Alabama and Florida, he had surveyed the section and the line in question, and his testimony tended to establish the line in accordance with plaintiff's contention. If there was error in excluding the testimony of the witness that he found a stob on the range line 12 chains north of the southwest corner, and that at the northwest corner he found nothing but the witness tree (probably the witness said "trees"), such error was rendered harmless by the witness' testimony, to be found at other places in the record, where, in response to plaintiff's questions, he entered without objection into a full detailed statement as to what he found at the two points inquired about, i. e., as to witness trees substantially as noted in the field notes.

The assignment of error which complains of the ruling of the court by which was excluded testimony of the witness that "chops," meaning "blazes," which he found along the line he followed between sections 30 and 31, indicated the original survey, was cured by the subsequent testimony of the witness to the effect desired by plaintiff.

[2] Objection to the question put to this witness by plaintiff, "And you were running this line according to the field notes?" was sustained. This ruling is to be justified on the ground that the question was leading and asked for a conclusion of the witness.

[3] Our preliminary statement as to the issue made up in this cause will suffice to indicate the irrelevancy of the proposed testimony of the witness George Newton that Morris White, who had once owned and lived upon the land in dispute, had cleared the land up to the Merritt line. This testimony did not tend to establish the Merritt line as identical, precisely or approximately, with the government line.

[4] Plaintiff's testimony to the effect that at the northeast corner Koonce and Crawford did find stumps or trees at certain dis-

tances and in certain directions in accordance with the field notes, was properly excluded as hearsay. May v. Willis, 200 Ala. 583, 76 South. 941. It may be further said in this connection that there was no difference between the parties, or their respective surveyors, as to the location of the northeast corner of section 31; the difference was. in locating the line between the northeast and northwest corners, the divergence between their respective lines amounting to 77 yards at the range line on the west.

[5] It was immaterial whether, accepting plaintiff's location the defendant would have 80 acres in the south half of the southwest quarter of section 30, which he owned, or that, accepting defendant's location, he would have less than 80. Sections according to the government survey, and that survey, when its lines are established, is conclusive (Nolin v. Parmer, 21 Ala. 66), are not of uniform content, nor are they always square: especially is this true along the Florida line. The facts offered in evidence in this connection did not tend to establish the true location of the line in question.

[6, 7] Plaintiff relied on a survey by Merritt; defendant on a line surveyed by Crawford. It developed in evidence that Surveyor Koonce had located the line approximately as located by Merritt, and that Surveyor Hardwick had located the line substantially in accordance with Crawford's survey. Dave Teal, a witness for defendant, testified that he knew the line laid out·by Hardwick; that along that line he had cut down some trees that had "chops" in them something like three inches deep, and had seen some stobs. He had seen the stobs within the month and also as far back as 20 years. The court does not consider that the refusal to exclude this testimony was reversible error. The witness did not pretend to be able to locate the line in dispute. His testimony only tended to show that more than 20 years previously some one had run a line practically as described in the testimony of Crawford, who had testified that he ran his line in 1899, marking it by "chops" on trees and by putting down stobs along the line of the government survey. This evidence of the witness Teal tended to support the defendant's claim that the line to which he claimed was the true, or government, line. And it was peculiarly appropriate that this testimony should be submitted to the jury because it tended to corroborate the testimony of defendant's witness Crawford, whom plaintiff had sought to discredit by testimony tending to show that he (Crawford) had run a crooked line—a line to suit his client rather than the historical fact. Yarbrough v. State, 105 Ala. 43, 54, 16 South. 758. The same and more, may be said of the testimony of this witness in reference to "chops" on a post oak at the end of a lane where Crawford said he had found "chops" such as were used in making the original government survey. This lane, according to some of the witnesses, ran along with the line claimed by defendant.

[8] Jesse Hard, a witness for defendant,. testified that he was present when both the Hardwick and the ·Crawford surveys were made (at different times). He was allowed, over plaintiff's objection, to testify that Crawford and Hardwick began their surveys at the same point and that they both ran the same line. This testimony would be declared incompetent according to the example of May v. Willis, supra, but for the effort to discredit the witness Crawford, the effect of which on the admissibility of corroborating evidence of this character we have already stated.

[9] Defendant's testimony, going to show that Merritt had said his line was not right, that he had made a mistake, was competent by way of impeaching Merritt, who had testified for plaintiff.

[10, 11] We are unable to say that the language in which the jury returned their verdict and in which the judgment of the court established the line substantially in accordance with defendant's contention means nothing. On the contrary, our opinion is that it will afford the sheriff very plain directions for laying out the line. True, the line thus described is prolonged beyond the line in dispute, as shown by the pleadings, but so much of it as extends beyond may be put aside as of no consequence, for it cannot affect so much of the line as is properly found and described.

We have stated our consideration of the assignments of error treated in the brief with the exception of a very few, which have been determined in effect, though not by specific mention, in what has been said. Two or three of them are so obviously lacking in merit as to need no special notice. We find no error.

Affirmed.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.