40 So.2d 80

**LEE v. GIDLEY et al.**

**7 Div. 999.**

Supreme Court of Alabama.

April 14, 1949.

157

Hawkins, & Copeland, of Gadsden, for appellant.

L. B. Rainey and Roy D. McCord, both of Gadsden, for appellees.

SIMPSON, Justice.

The plaintiff recovered of the defendant $500 damages on Count 3 of the complaint charging trespass to land and cutting timber. Counts 1 and 2 were in debt to recover the statutory penalty for cutting the timber (Code 1940, Title 47, § 272) but the jury made no return on these counts, so we consider only Count 3.

The proper measure of damages for a recovery under Count 3 (for trespass quare clausum fregit) is the difference in the value of the land immediately before and after the trespass. Granade v. United States Lumber & Cotton Co., 224 Ala. 185 (9), 139 So. 409; White v. Yawkey, 108 Ala. 270, 275, 19 So. 360, 32 L.R.A. 199, 54 Am.St.Rep. 159.

The rule is different in a case of trover where the value of the thing severed immediately after severance constitutes the measure of damages. Granade v. United States Lumber & Cotton Co., supra; White v. Yawkey, supra; Gray v. Alabama Fuel & Iron Co., 216 Ala. 416, 420, 113 So. 35.

Appellant argues that there was no proof of the diminished value of the land by reason of the alleged trespass and cutting of the timber, and that for this reason the trial court erroneously overruled his motion for a new trial. The contention cannot be sustained because, aside from the reason hereafter to be mentioned, the case under Count 3 was tried, without objection, on the theory that the measure of damages was that governing actions of trover, namely, the value of the timber severed. Proof of such damages was made in support of this theory and the court, without any exception on the part of the defendant, charged the jury that "in the third count the measure of damages would be the reasonable market value of what is proven to be taken by this trespass * * * the reasonable market value of the goods or timber * * * at the time of the taking." This instruction to the jury and the evidence adduced under such a theory, to which the defendant assented by his silence, was the law of the case and by which the jury was bound, Dodd v. State, 251 Ala 130, 36 So.2d 474; Coffee County v. Spurlin, 245 Ala. 99, 16 So.2d 12, and this erroneous interpretation of the law could not

be made the predicate for error by first taking notice thereof by a motion for a new trial. There was evidence that the value of the timber was from $10 to $25 per 1,000 feet and the defendant himself testified that "a woods foreman estimated that there was 25,000 feet of it." The verdict rendered was not out of harmony with such evidence and was responsive to the charge of the court. This leads to the result that the ground of motion for new trial on the question of the improper measure of damages was not well taken.

For like reason the view is entertained that the ground of the motion that the verdict was contrary to the great weight of the evidence was likewise unsustainable.

■ On the question of the measure of damages, we think there is another reason the judgment may be sustained. Under the theory on which the trial proceeded, the proof of the value of the timber cut was some evidence of the diminished value of the land and on which the jury might, along with the other evidence, possibly rest a verdict. Jefferson Lumber Co. v. Berry, 247 Ala. 164, 168, 23 So.2d 7, 161 A.L.R. 544; Abercrombie v. Windham, 127 Ala. 179, 28 So. 387.

■ It is also argued that the court erroneously permitted plaintiff's witness to testify as to his knowledge of and familiarity with an ancient survey made over fifty years previously, that some landmarks evidencing this survey still existed, and that a recent survey of the disputed line by plaintiff's surveyor, Lee, corresponded with this old survey. In this ruling we find no error.. The correct location of the line dividing the properties of the parties was the principal issue in dispute and the permissibility of such evidence is within the exception to the hearsay rule. Former surveys evidenced by usual surveyor's marks may be shown in connection with a later survey, Ford v. Bradford, 212 Ala. 515, 518[6], 103 So. 549; 11 C.J.S., Boundaries, § 105, page 699, § 108, page 704, and here the testimony regarding it was also admissible as tending to corroborate the testimony of the surveyor Lee, which was

sought to be impeached. Mixon v. Pennington, 204 Ala. 347, 349(7), 85 So. 562.

Our view is that the record presents no reversible error.

Affirmed.

BROWN, LIVINGSTON and STAKELY, JJ., concur.