WRIGHT, Presiding Judge.
Defendant appeals from judgment denying new trial in an action for breach of contract and fraud or misrepresentation. The issue is whether a new trial was due to be granted upon ground of inconsistent verdicts when the court had given the verdict form in its oral charge without objection by defendant. We affirm the trial court.
Plaintiff Turner sued defendant Ross-Clayton Funeral Home, Inc., for breach of the contract for burial of their daughter, alleging that a different casket was delivered from that contracted for; burial was in the wrong place; the marker was not properly set; the grave was not properly finished. Fraud and misrepresentation were also charged. Defendant counterclaimed for the unpaid balance of the contract. The jury returned a verdict for plaintiff awarding damage of $2,800 and a verdict for defendant awarding $929. Defendant moved for mistrial after the verdicts were returned on the ground that they were inconsistent. The motion was denied. Motion for new trial was subsequently made on the same ground and denied.
The record indicates that in charging the jury, the court directed that they could return any one of three verdicts. The third form given was the verdict returned. No objection to the form was made by either counsel. When the verdicts were returned and counsel for defendant moved for mistrial, the court reminded counsel that no objection had been made when the form of the verdict was given to the jury.
Without deciding whether the verdicts are in fact inconsistent under the pleading and evidence, we find the trial court may not be held in error when there was no objection to the charge of the law to the jury. ARCP Rule 51. Hogan v. Alabama Power Co., 351 So.2d 1378 (Ala.Civ.App.1977). The instruction became the law of the case when defendant made no objection and the jury was bound by it. Loch Ridge Constr. Co. v. Barra, 291 Ala. 312, 280 So.2d 745 (1973); Lee v. Gidley, 252 Ala. 156, 40 So.2d 80 (1949).
Even if inconsistent, the verdicts, in light of the evidence do not appear to be so injurious or unjust to defendant as to require disregard of Rule 51, even under the federal plain error provision. Clegg v. Conk, 507 F.2d 1351 (10th Cir. 1974), cert. denied, 422 U.S. 1007, 95 S.Ct. 2628, 45 L.Ed.2d 669 (1975); Lamb Enterprises, Inc. v. Toledo Blade Co., 461 F.2d 506 (6th Cir.), cert. denied, 409 U.S. 1001, 93 S.Ct. 325, 34 L.Ed.2d 262 (1972). See Rule 45, ARAP.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.