412 So.2d 1212 (1982)
L. B. LOWE
v.
Vernie MORRISON and Carolyn Morrison.
81-85.
Supreme Court of Alabama.
April 16, 1982.
*1213 Maury Friedlander of Marr & Friedlander, Mobile, for appellant.
Emmett R. Cox and Robert H. Allen, Mobile, for appellees.
ADAMS, Justice.
Vernie and Carolyn Morrison, husband and wife, (Morrisons) sued L. B. Lowe, d/b/a/ Lowe Construction Company, (Lowe) seeking damages for breach of a written contract for construction of a house and for breaches of an implied warranty of workmanlike performance in the execution of the contract. Lowe counterclaimed for the balance due on the contract. The jury awarded $15,000.00 to Lowe for the balance due and $20,000.00 damages to the Morrisons, giving a net of $5,000.00 to the Morrisons. The trial court entered a judgment for $5,000.00 in favor of the Morrisons and denied Lowe's motion for new trial, after which Lowe perfected this appeal.[1] Lowe's primary contention on appeal is that the jury's verdict is fatally inconsistent and reflects a misunderstanding of the law because it gives awards for both substantial performance and breach of implied warranty of workmanlike performance. We find that the jury's awards are consistent and, therefore, affirm the trial court.
The Morrisons contracted with Lowe to build their house for $45,320.00, payable in three installments. The Morrisons paid the first two payments, totalling $30,000.00, but withheld the third because of complaints about the workmanship.
The testimony at trial, substantiated by photographs admitted into evidence, was that floors in the house were not level, walls were not plumb, the roof was poorly constructed, and many other aspects were defective or unsightly. The jury took a view of the house during the trial; "knowledge it may have acquired there, though unreported, is proper evidence." Western Railway of Alabama v. Still, 352 So.2d 1092, 1097 (Ala.1977). We are of the opinion that the jury verdict in the amount of $20,000.00 was based on substantial evidence.
There is ample authority for allowing a contractor to recover the balance due on his contract, while at the same time allowing the owner to recover substantial damages for unworkmanlike or incomplete performance. Fox v. Webb, 268 Ala. 111, 105 So.2d 75 (1958); Annot., 76 A.L.R.2d 805 (1961). Lowe's argument that substantial performance and breach of implied warranty of workmanlike performance are mutually exclusive is very similar to an argument disposed of by the Texas Court of Civil Appeals in Warren v. Denison, 563 S.W.2d 299 (Tex.Civ.App.1978). There, the Court held that "a finding that the builder did not complete the contract in a good workmanlike manner does not necessarily mean that he has not substantially performed the contract." Id., at 303.
Lowe argues that the amount of damages precludes a finding of substantial compliance, because the damages are 44% of the total contract price. This argument ignores the holding in Fox v. Webb, supra, where this court allowed a judgment to stand awarding a balance due to the contractor and damages to the owner amounting to 43% of the contract price.
The jury's award of $20,000.00 to the Morrisons was supported by sound legal authority. The proper measure of damages, where correction of defects would amount to economic waste, is the diminution in value of the house as constructed from the value it would have had if it had *1214 been constructed in a workmanlike manner. 76 A.L.R.2d 805 (1961).
For the foregoing reasons, the judgment below is due to be affirmed.
AFFIRMED.
FAULKNER, ALMON and EMBRY, JJ., concur.
TORBERT, C. J., concurs specially.
TORBERT, Chief Justice (concurring specially).
I concur in the result of this case because the appellant did not properly preserve any error for review by this Court. The trial judge charged the jury that it could find both for the plaintiffs on their claim and for the defendant on his claim. The trial court had previously advised counsel for all parties of his intention to so charge the jury. At the time the trial court charged the jury, neither the plaintiffs nor the defendant made any objections. Therefore, these instructions became the law of the case and bound the jury. W. T. Ratliff Co. v. Purvis, 292 Ala. 171, 291 So.2d 289 (1974); Loch Ridge Construction Co. v. Barra, 291 Ala. 312, 280 So.2d 745 (1973); Ross-Clayton Funeral Home, Inc. v. Turner, 358 So.2d 754 (Ala.Civ.App.1978).
In Ross-Clayton Funeral Home, Inc. v. Turner, the Court of Civil Appeals stated:
"The record indicates that in charging the jury, the court directed that they could return any one of three verdicts. The third form given was the verdict returned. No objection to the form was made by either counsel. When the verdicts were returned and counsel for defendant moved for mistrial, the court reminded counsel that no objection had been made when the form of the verdict was given to the jury.
"Without deciding whether the verdicts are in fact inconsistent under the pleading and evidence, we find the trial court may not be held in error when there was no objection to the charge of the law to the jury. ARCP Rule 51. Hogan v. Alabama Power Co., 351 So.2d 1378 (Ala.Civ. App.1977). The instruction became the law of the case when defendant made no objection and the jury was bound by it. Loch Ridge Constr. Co. v. Barra, 291 Ala. 312, 280 So.2d 745 (1973); Lee v. Gidley, 252 Ala. 156, 40 So.2d 80 (1949)."
358 So.2d at 755. I believe that this statement of the law should be controlling in this case. For this reason I agree that the decision of the trial court is due to be affirmed.
NOTES
[1] The trial court entered a $20,000.00 judgment for the plaintiffs, a $15,000.00 judgment for the defendant, and a $5,000.00 judgment for the plaintiffs. The $5,000.00 judgment apparently is the difference between the other two judgments and was not intended as a second recovery. We understand Lowe to be appealing from a $20,000.00 judgment; therefore, this Court has jurisdiction of the appeal.