I concur in the result of this case because the appellant did not properly preserve any error for review by this Court. The trial judge charged the jury that it could find both for the plaintiffs on their claim and for the defendant on his claim. The trial court had previously advised counsel for all parties of his intention to so charge the jury. At the time the trial court charged the jury, neither the plaintiffs nor the defendant made any objections. Therefore, these instructions became the law of the case and bound the jury. W.T. Ratliff Co.v. Purvis, 292 Ala. 171, 291 So.2d 289 (1974); Loch RidgeConstruction Co. v. Barra, 291 Ala. 312,280 So.2d 745 (1973);Ross-Clayton Funeral Home, Inc. v. Turner, 358 So.2d 754
(Ala.Civ.App. 1978).
In Ross-Clayton Funeral Home, Inc. v. Turner, the Court of Civil Appeals stated:
 "The record indicates that in charging the jury, the court directed that they could return any one of three verdicts. The third form given was the verdict returned. No objection to the form was made by either counsel. When the verdicts were returned and counsel for defendant moved for mistrial, the court reminded counsel that no objection had been made when the form of the verdict was given to the jury.
 "Without deciding whether the verdicts are in fact inconsistent under the pleading and evidence, we find the trial court may not be held in error when there was no objection to the charge of the law to the jury. ARCP Rule 51. Hogan v. Alabama Power Co., 351 So.2d 1378 (Ala.Civ.App. 1977). The instruction became the law of the case when defendant made no objection and the jury was bound by it. Loch Ridge Constr. Co. v. Barra, 291 Ala. 312, 280 So.2d 745
(1973); Lee v. Gidley, 252 Ala. 156, 40 So.2d 80 (1949)."
358 So.2d at 755. I believe that this statement of the law should be controlling in this case. For this reason I agree that the decision of the trial court is due to be affirmed.