(133 So. 703)

## FULTON v. McQUIRTER.

### I Div. 643.

Supreme Court of Alabama.

March 19, 1931.

Rehearing Denied April 23, 1931.

D. P. Moore, of Mobile, for appellant.

J. G. Bowen, of Mobile, for appellee.

GARDNER, J.

Plaintiff sued to recover of defendant rent due for the months of April, May, and June, 1929, under a written lease; the amount claimed as past-due rent for this period being $85.

Defendant in open court admitted rent for these months had not been paid and that there was no controversy that the amount claimed was due so far as the stipulations for payment in the lease were concerned. Defendant sought to avoid the same upon other grounds, unnecessary here to note.

Upon conclusion of the evidence the trial court gave the affirmative charge for plaintiff as requested in writing as follows: "If the jury believe the evidence in this case, the judgment should be for the plaintiff for his claim and attorneys' fees, plus interest, not to exceed a total judgment of one hundred dollars." And further in his oral instructions stated to the jury: "The form of your verdict should be: We the jury find for the plaintiff and assess his damages at [so many] dollars." There was a verdict for defendant, which plaintiff duly moved the court to set aside upon the ground, among others, that the verdict was contrary to the instructions of the court. The motion was granted, and from the judgment granting said motion defendant appeals.

It is the settled rule in this jurisdiction that out of regard for the orderly administration of justice, the jury should obey the instructions of the trial court, and that a verdict rendered in disregard of such instructions, though erroneous, is against the law and should be set aside. Fleming v. L. & N. R. R. Co., 148 Ala. 527, 41 So. 683; Wolf v. Do ex dem. Delage, 150 Ala. 445, 43 So. 856; Standard Oil Co. v. Humphries, 205 Ala. 529, 88 So. 855; Birmingham Amusement Co. v. Norris, 216 Ala. 138, 112 So. 633, 53 A. L. R. 840.

The trial court in the instant case not only gave for the plaintiff the affirmative charge, but was at pains to explain his action to the jury in this regard. Appellant cites Talley v. Whitlock, 199 Ala. 28, 73 So. 976, where there were conflicting charges given to the jury. See, also, Parisian Co. v. Williams, 203 Ala. 378, 83 So. 122. But these authorities are here inapplicable. There were no conflicting charges, but, on the contrary, a plain and readily understood instruction to find for the plaintiff, with no conflict as to the amount claimed due. A very plain case of disregard of the court's instructions is here presented.

The judgment of the court in granting the new trial was correct, and will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.