51 So.2d 359

### McKENZIE et al. v. MAGNOLIA SPRINGS LAND CO.
### 1 Div. 419.

Supreme Court of Alabama.

March 22, 1951.

Hubert M. Hall, Bay Minette, for appellants.

J. B. Blackburn, Bay Minette, for appellee.

BROWN, Justice.

This is a statutory action in the nature of ejectment by appellee against appellants and others for the recovery of a large tract of land situated in Baldwin County, Alabama. Code of 1940, Tit. 7, § 938.

Two of the defendants disclaimed title and possession as to all the lands sued for except ten acres described in their plea, as to which they entered plea of the general issue, not guilty, and the cause as to them was continued.

The case thereupon proceeded to trial against the defendants Raleigh and John W. McKenzie, who disclaimed ownership

336

as to all of the land except eighty acres, as to which they entered the plea of "not guilty".

At the conclusion of the evidence adduced in the case by both plaintiff and the defendants the court at the request of the plaintiff in writing instructed the jury as follows:

"1. The Court charges the jury that if you believe the evidence in this case, your verdict should be for the Plaintiff, the Magnolia Springs Land Company, and against the defendant, John W. McKenzie, for the lands described in the amended answer filed by him in this cause on March 27, 1950.

"10. The Court charges the jury that if you believe the evidence in this case, your verdict should be for the Plaintiff, the Magnolia Springs Land Company, and against the Defendant, Raleigh McKenzie, for the lands described in the amended answer filed by him in this cause on March 27, 1950."

The defendants each requested in writing the affirmative charge with hypothesis and these charges were each refused. Notwithstanding these instructions, the jury returned a verdict for the defendants, upon which the judgment of the court was duly entered. The plaintiff made timely motion to set the verdict of the jury aside and grant plaintiff a new trial, which was regularly continued and set for hearing on May 4, 1950, and on such hearing the court set aside the verdict and the judgment entered thereon and granted a new trial. The appeal here is from the order of the court granting a new trial.

The verdict was contrary to the law as given in charges 1 and 10 by the court and the court did not err in granting a new trial. Fleming & Hines v. Louisville & N. R. Co., 148 Ala. 527, 41 So. 683; Penticost v. Massey, 202 Ala. 681, 81 So. 637; City of Decatur v. Finley, 221 Ala. 101, 127 So. 518; Fulton v. McQuirter, 222 Ala. 660, 133 So. 703; Franklin Fire Ins. Co. v. Slaton, 240 Ala. 560, 200 So.

564; Piedmont Fire Insurance Co. v. Tierce, 245 Ala. 415, 17 So.2d 133.

Affirmed.

LIVINGSTON, C. J., and SIMPSON. and STAKELY, JJ., concur.