291 So.2d 289

**W. T. RATLIFF COMPANY, INC.**

**v.**

**Barney PURVIS.**

**SC 299.**

Supreme Court of Alabama.

Feb. 14, 1974.

Rehearing Denied March 28, 1974.

James J. Duffy, Jr., and E. L. Mc-Cafferty, III, Mobile, Edward P. Turner, Jr., Chatom, for appellant.

**174**

Gilmore & Keahey, Grove Hill, Howell, Johnston, Langford & Finkbohner, Mobile, for appellee.

MERRILL, Justice.

Plaintiff (appellee), Barney Purvis, sued defendant, W. T. Ratliff Company, Inc., for damage to realty. The jury returned a verdict for plaintiff for $25,000.00. The plaintiff accepted the trial court's order of remittitur of $7,000.00. Defendant appeals, plaintiff takes a cross-appeal.

Trial was had on plaintiff's complaint on three counts as follows: Count I in trespass in that defendant dumped large quantities of debris on plaintiff's property; Count IV in wanton conduct in that defendant "knows or should have known" that materials piled on defendant's property would slide onto plaintiff's property; and Count V in wanton conduct in that defendant dammed up a stream thereby backing water onto plaintiff's property which defendant "knew or should have known" would cause injury to plaintiff. Defendant's demurrer to the several counts was overruled, and its requested affirmative

charges were denied. The jury returned a verdict for the plaintiff for $18,000.00 compensatory and $7,000.00 punitive damages. Upon this verdict, the court pronounced judgment for $25,000.00. Subsequently, a remittitur of $7,000.00 was ordered and accepted by plaintiff. Defendant's motion for a new trial alleging inter alia that the verdict was contrary to the great preponderance of evidence was denied.

The property of plaintiff which is the subject matter of this suit was acquired for eventual development as a residential area in Jackson, Clarke County. Land adjoining this property is developed for residential use and some industry. Defendant, W. T. Ratliff Company, Inc., acquired a lease on some property adjoining plaintiff's, and was conducting a sand and gravel operation on the leased property.

In connection with its operations, defendant piled a large spoil bank in close proximity to plaintiff's land. This spoil bank was some 1,330 feet in length and averaged 40 to 50 feet in height. During rains, sand was washed from the spoil bank and deposited on plaintiff's property. Defendant also dammed a stream running through plaintiff's property which caused water to back up and deposit silt thereon. The penetration of the silt onto plaintiff's land averaged about 200 feet, but in places was as far as 400 feet.

Plaintiff's evidence showed that prior to defendant's gravel operation, plaintiff's land had timber on it. Since the silting, his land has been unable to grow trees. All of the trees on 4 acres of his property are either dead or dying. The stream running through plaintiff's land was originally clean; it has since left its banks and become a marsh. In all, 6 to 8 acres of his property has been damaged. Plaintiff's testimony was that his property had been damaged in excess of $4,000.00 per acre.

The plaintiff made complaints and the defendant caused the stream to be opened up to drain the water away. However, no further action was taken by defendant even though the problem of the silting persisted. Testimony in behalf of defendant was that its practice was to pile the spoil bank as near the property line as possible.

Defendant denied that sand had been deposited on plaintiff's property as a result of its operations. Its contention was that plaintiff's land was low and swampy prior to any action on defendant's part. Defendant further denied that water had ever been backed up on plaintiff and that there were any dead trees on plaintiff's property.

■ Appellant's assignments of error 2 and 3 are that the trial court erred in overruling its demurrer to Count I of the complaint which is for trespass. Appellant argues that the count is uncertain as to the particular action it states and that it does not contain the word "trespass" therein. However, there are no special grounds of demurrer raising these points. Tit. 7, § 236, Code 1940, provides as follows:

"No demurrer in pleading can be allowed except as to matters of substance, which the party demurring specifies; and no objection can be taken or allowed which is not distinctly stated in the demurrer."

Thus, on appeal, the sufficiency of the complaint will not be considered on a ground not presented by demurrer. Williams v. Lyon, 181 Ala. 531, 61 So. 299; Alabama Steel & Wire Co. v. Griffin, 149 Ala. 423, 42 So. 1034, and it is error to sustain demurrers which fail to specify the defects in a complaint or plea. Logan v. Windbigler, 282 Ala. 1, 208 So.2d 201.

■ Moreover, this court has held that where a complaint contains the elements necessary to constitute a trespass, it is sufficient even though the complaint does not use the word "trespass." McGill v. Varin, 213 Ala. 649, 106 So. 44.

■ Assignments of error 4, 5, 6 and 7 raise the point that the trial court erred in overruling the appellant's demurrer to

Counts IV and V of the complaint. Count IV is in pertinent part as follows:

"* * * Defendant knows or should have known that the loose sand, gravel and other debris deposited on Defendant's land next to and adjoining Plaintiff's land should or would create a hazard or injury to Plaintiff, * * *."

Count V is in pertinent part as follows:

"* . * * Defendant knew or should have known that the water, sand, gravel and other debris deposited on land owned or leased by the Defendant should or would create a hazard or injury to Plaintiff; * * *."

Appellant's demurrer to the counts tests the sufficiency of the allegation "should have known" as charging wanton conduct.

Although perhaps technically defective for the above noted allegation, it cannot be said that the counts utterly fail to state a cause of action. The allegation "should have known" is not to be taken to mean that less than intentional conduct is sufficient to charge wantonness. Rather, it is to be taken to mean that the knowledge that injury will likely result can be imputed to defendant. In Lewis v. Zell, 279 Ala. 33, 181 So.2d 101, the court discussed the necessary proof of knowledge in wanton conduct and stated:

"Wantonness may arise from knowledge that persons, though not seen, are likely to be in a position of danger, and with conscious disregard of known conditions of danger and in violation of law brings on the disaster. (Citations omitted)

* * * * * *

"But knowledge need not be shown by direct proof. It may be made to appear, like any other fact, by showing circumstances from which the fact or actual knowledge is a legitimate inference. (Citations omitted)."

Moreover, in Trahan v. Cook, 288 Ala. 704, 265 So.2d 125, in summarizing the evidence as to the circumstances surrounding the defendant's wanton conduct, the court concluded as follows: "* * * All these things the appellant knew, or should have known. * * *"

In City of Mobile v. McClure, 221 Ala. 51, 127 So. 832, it was explained that in certain cases error in overruling demurrer was harmless:

"* * * though there is a defect of averment in stating the cause of action in the complaint, if both parties introduce such relevant evidence as they desire, and the court correctly charges the law on the subject, the ruling of the court in improperly overruling demurrer to the complaint will not be reversed, for that it was without injury. * * *"

Other cases to the same effect are Alabama Power Co. v. Guy, 281 Ala. 583, 206 So.2d 594; Turner v. Blanton, 277 Ala. 536, 173 So.2d 80.

■ The trial court charged the jury as to wanton conduct as follows:

"* * * Wanton conduct is the doing of some act or some thing with reckless indifference to the consequences of said act, or it is a failure or omission to do something, with reckless indifference to the consequences of such failure or omission. That is that the party acting or failing to act is conscious of his conduct, and even though without any actual intent to injure is aware from his knowledge of existing circumstances and conditions, that his conduct would probably result in injury to another or in damage to his property. * * *"

This is a correct charge as to the law on wanton conduct. Britton v. Doehring, 286 Ala. 498, 242 So.2d 666; Water Works and Sanitary Sewer Board v. Norman, 282 Ala. 41, 208 So.2d 788; Jackson v. Cook, 275 Ala. 151, 153 So.2d 229.

Conceding, without deciding, that Counts IV and V were subject to the demurrer interposed by appellant, they nevertheless

state a good cause of action for the reasons set out above. Applying the rule of harmless error, assignments of error 4, 5, 6 and 7 do not constitute grounds for reversible error.

■ Assignment 22 is that the trial court erred in overruling the appellant's objection to appellee's question to the plaintiff. The record reveals that no grounds were stated for the objection:

"Q Now, Mr. Purvis, has property increased in Jackson in the last ten years?

"A Yes, sir.

"MR. TURNER: We object to that.

"JUDGE MAYHALL: Increased in value?

"MR. GILMORE: Yes, sir.

"JUDGE MAYHALL: Overrule the objection."

Where no ground for an objection to the admission of evidence was stated, the action of the trial court in overruling such objection will be sustained unless the evidence is patently inadmissible. Tankersley v. Webb, 263 Ala. 234, 82 So.2d 259; Conway v. Robinson, 216 Ala. 495, 113 So. 531, Circuit Court Rule 33, Tit. 7, Appendix. Although the matter introduced by the question and the answer objected to is not the proper measure of damages for trespass to realty, Alabama Power Co. v. Thompson, 250 Ala. 7, 32 So.2d 795, we cannot say that the question objected to was patently inadmissible.

■ Assignments of error 11 and 12 are that the trial court erred in refusing the general affirmative charge both with and without hypothesis. The rule in civil cases is that a scintilla of credible evidence justifies submission of the issues to the jury as against a request for the affirmative charge. Nettles v. Bishop, 289 Ala. 100, 266 So.2d 260; Alabama Power Co. v. Guy, 281 Ala. 583, 206 So.2d 594. The outline of the evidence set out above suffices to show that there was at least a scintilla of evidence to support the theory of the complaint and to justify refusal of the general affirmative charge.

■ Assignments of error 13, 14, 15, 16, 17 and 18 concern the refusal of various affirmative charges for individual counts of the complaint. The effect of these charges was to direct the jury that if they believe the evidence they should find for the defendant on one or another of the counts. We copy two requested charges which are common to the others:

" 'The Court charges the jury that under the evidence of this case you must find the verdict for the defendant under count one of the complaint.'

\*    \*    \*    \*    \*    \*

" 'The Court charges the jury, if you believe the evidence in this case you must find a verdict for the defendant under count four of the complaint.' "

Where, as here, the complaint contains more than one count, such charges are properly refused. General Finance Corporation v. Bradwell, 279 Ala. 437, 186 So.2d 150. The proper form for a charge as to a particular count upon which the plaintiff is not entitled to recover is that the jury should not find for the plaintiff, or should not find against the defendant on the count. Dollar v. McKinney, 267 Ala. 627, 103 So.2d 785.

■ Assignment of error 9 is that the trial court erred in entering its judgment. It is argued by appellant that, since the jury's verdict itemized $18,000.00 compensatory and $7,000.00 punitive damages, it was error for the trial court to enter a judgment for $25,000.00. The trial court charged the jury as to damages in pertinent part as follows:

"Ladies and gentlemen, the Court charges you in this case if after having considered all of the evidence in this case you are reasonably satisfied this plaintiff is entitled to recover under count one of this complaint, only under

count one, you would return a verdict for what we call compensatory damages because this is the only damages you could recover in this case. * * *

"Ladies and gentlemen, if you find for the plaintiff under count four or five of this complaint, you would render a judgment for the plaintiff for compensatory damages, as described for you under count one to compensate him, and you could, if you saw fit—it would be within your discretion—you could render a verdict for the plaintiff for punitive damages, * * *."

The form of this charge would lead the jury to believe that they must itemize compensatory and punitive damages in their verdict. There was no exception taken to the court's oral charge. Any purported error in the court's oral charge must be specifically pointed out by exceptions so the trial court may have an opportunity to correct such errors. Bradley v. Jones, 282 Ala. 331, 211 So.2d 465; and by its silence, appellant assented to the charge which was the law of the case and by which the jury was bound, Tombrello v. McGhee, 282 Ala. 408, 211 So.2d 900. The trial court has the power to amend a jury verdict that is irregular as to form. Alexiou v. Christu, 285 Ala. 346, 232 So.2d 595. No reversible error is raised by this assignment.

Assignment of error 1 is that the trial court erred in denying appellant's motion for a new trial. Appellant assigned several grounds for such motion, but on appeal, argues only those grounds relating to the sufficiency of the evidence to support the verdict. On appeal, only the grounds for a new trial argued in brief will be considered. Scroggins v. Alabama Gas Corp., 275 Ala. 650, 158 So.2d 90. There is a presumption that a verdict is correct; and the refusal of the trial court to grant a new trial because of insufficiency of evidence strengthens such presumption. Southern Apartments, Inc. v. Emmett, 269 Ala. 584, 114 So.2d 453. Where, on appeal, the sufficiency of the evidence

to support the verdict is at issue, only those tendencies of the evidence most favorable to the verdict are reviewed; and such inferences as the jury were free to draw are indulged. Grandquest v. Williams, 273 Ala. 140, 135 So.2d 391. A verdict will not be set aside because it is contrary to the mere preponderance of the evidence. Tallapoosa County v. Holley, 268 Ala. 67, 104 So.2d 834. A motion for a new trial is properly overruled where there is credible evidence which justified the verdict. Dean v. Mayes, 274 Ala. 88, 145 So.2d 439. Applying these principles to the outline of facts set out supra, it is clear that the verdict of the jury is not due to be disturbed.

Appellee cross-assigns that the trial court erred in granting the remittitur. He seeks to invoke Rule 59(f) of the Alabama Rules of Civil Procedure which were adopted subsequent to the trial of this case. Such rule is unavailing where trial was had before the adoption of the new rules. Phillips v. D. & J. Enterprises, Inc., 292 Ala. 31, 288 So.2d 137.

Affirmed.

HEFLIN, C. J., and HARWOOD, MADDOX and FAULKNER, JJ., concur.