Lee Bell, the defendant below, appeals from a final judgment rendered against him and from the denial of a motion for new trial. The judgment represented damages assessed by the jury at $10,000.
Johnny Lee Washington sued Bell for breach of an alleged contract wherein Bell had agreed to construct a house for Washington and had agreed to use two by six inch rafters and ceiling joists in the construction. Washington alleged Bell breached the contract by using two by four inch rafters and joists instead of the two by sixes. He also alleged that Bell made false representations on or about the time they were negotiating concerning the construction of the house to the effect that he would use two by six inch rafters in the construction of the house. Washington claims the representations were false, that Bell knew they were false, that he relied on the representations, and was induced to enter into a contract with Bell by such representations.
Bell answered by denying each and every allegation.
There are five questions raised by Bell on appeal. However, we will dispense with considering the last three as discussion of the first two will prove dispositive of this case.
The first two issues are: (1) whether the trial court erred in overruling Bell's objection to the introduction of a memorandum of a contract between the parties into evidence; and (2) whether the trial court erred in sustaining Washington's objection to Bell testifying to an alleged subsequent oral modification by the parties of the written contract.
In regard to the first issue, we find no error in the trial court allowing the written contract into evidence over Bell's objection. The record reveals that Bell identified the writing and said that he wrote it out himself and put the date of July 24, 1976 on it. After this identification, the plaintiff offered it into evidence and the attorney for the defendant Bell merely said, "We object." The judge then overruled the objection. Where no ground for objection to admission of evidence is stated, the action of the trial court in overruling such objection will be sustained unless such evidence is patently inadmissible. W.T. Ratliff Co. v. Purvis, 292 Ala. 171, 291 So.2d 289 (1974); Cities Service Oil Co. v. Griffin, Ala., 357 So.2d 333 (1978). *Page 867 
We refer to 17A C.J.S. Contracts § 580 (1963) which says that in the absence of the admission of the existence, execution, and contents of a written agreement, a written contract declared on must be put into evidence. Furthermore, 17A C.J.S.Contracts § 592b (1963) recognizes the original written contract, when pleaded, is admissible into evidence.
The memorandum introduced into evidence was signed by Bell, but not by Washington. It is a "well-recognized rule that the object of signature is to show mutuality and assent, which may be shown in other ways and that unless a contract is required by statute or arbitrary rule to be in writing, it need not be signed, provided it is accepted and acted upon." Paterson Edey Lumber Co. v. Carolina-Portland Cement Co., 215 Ala. 621,112 So. 245 (1927). Whether the contract was accepted and acted upon was a question of fact for the jury to decide.
Bell's second issue presented deals with whether the trial court erred in sustaining objection to Bell's testifying to an alleged conversation between Washington and himself that allegedly took place subsequent to the making of the memorandum evidencing a contract. The pertinent part of the record reveals the following in regard to this matter:
 Q. Did you have a conversation with Johnny Washington after that about the use of two by fours as opposed to the two by sixes?
A. I mentioned it to him —
 MR. JOHNSON: We object to that as to evidence contradicting the terms of a written contract parol evidence. It is not admissible. And, we object to it.
. . . . .
THE COURT: You want to be heard on it?
 MR. JONES: Yes. This is a conversation which he had with the Plaintiff before this suit was ever filed. And, it was during the construction process. And, which we would think that it would be perfectly admissible evidence.
 THE COURT: It would have to come within an exception of the parol evidence rule, if you are familiar with one of those that would make it admissible.
 MR. JONES: Well, it is a conversation that was had between the two men, made the written contract. That was had, at the time of the actual carrying out of the contract, and it was a pertinent conversation about the particular points involved in this lawsuit.
 MR. JOHNSON: In response to that, Your Honor, that is the very point of the parol evidence rule.
THE COURT: I sustained the objection. Yes, sir.
. . . . .
 MR. JONES: Your Honor, this is a subsequent agreement between the parties that occurred, and does not pertain to the entire agreement, but does pertain to one portion of the agreement. To explain, an ambiguity. That particular ambiguity is a designation of a two by six lumber, when it should have been two by four lumber. And, it was an agreement entered into between the parties subsequent to the execution of the agreement. It does not embrace the entire agreement.
 THE COURT: It is your position that the designation in the specification of the two by six lumber is ambiguous?
 MR. JONES: Yes. Because of the subsequent agreement.
 THE COURT: The subsequent agreement must be based on existing ambiguity to be an exception to the parol evidence rule. So, what I am asking you is, it is your contention that the designation of two by six lumber in the specifications is in itself ambiguous?
MR. JONES: Yes, it is.
THE COURT: How is it ambiguous?
 MR. JONES: In this sense. It was a mistake. It was explained to Johnny Washington by Mr. Bell.
 THE COURT: Before or after or during the construction? *Page 868 
 MR. JONES: Yes. It was in the process of the construction. And, he agreed upon the change of the type of material. And agreed to the two by fours and not the two by sixes that appeared in the contract.
 THE COURT: I would still sustain the objection. I don't believe it is ambiguous. But, you have your exception. And, you have it reserved.
MR. JONES: All right. We except.
We recognize that under Alabama law it is a matter for the court to decide whether a contract is ambiguous. Hoover, Inc.v. McCullough Industries, Inc., 380 F.2d 798 (5th Cir. 1967). However, it is well settled that the parol evidence rule does not have any application to subsequent agreements. See: J. Calamari J. Perillo, Contracts § 40 and § 44 (1970).
In further support, W. Jaeger, 4 Williston on Contracts § 632 (3d ed. 1961) states in part:
 Courts have generally agreed that if the parties have integrated their agreement into a single written memorial, all prior negotiations and agreements . . are excluded from consideration . . . All courts agree also that subsequent agreements may be shown, and are not rendered ineffective by the prior writing. [Footnotes omitted.]
In Young v. United States, 327 F.2d 933 (5th Cir. 1964) the court of appeals dealt with an appeal from a jury verdict wherein the appellant's main complaint was that the appellee was allowed to prove oral modification of written contracts. We find this case analogous to the one at bar. The fifth circuit held that the trial court did not fatally err in allowing the appellee to introduce evidence of oral modification. In so doing, the court said that strict application of the parol evidence rule has long been abandoned. The opinion cited Moorev. Williamson, 213 Ala. 274, 104 So. 645 (1925) for the proposition that a written contract may be modified by subsequent oral agreement, in the absence of statute. We agree with the fifth circuit's interpretation of the status of the law concerning the parol evidence rule in Alabama and thus find that the trial court erred in failing to grant Bell's motion for new trial wherein he stated the above issue as ground number fifteen.
We do so while recognizing the usual presumption of correctness which attends the trial court's granting or denying a motion for new trial. See: 2A Ala.Dig. Appeal Error 933 (1).
The trial court improperly rejected the oral testimony on the basis of the parol evidence rule and such error substantially prejudiced the defendant, Bell, because the alleged modification was crucial to his defending the action. See:
Alabama Rules of Appellate Procedure 45.
REVERSED AND REMANDED.
WRIGHT, P.J., and HOLMES, J., concur.