I agree with the majority that the law is well-settled that a witness may not give his opinion on a question of law or on matters which involve questions of law, but I do not think that counsel preserved the point for review, because his objection was general rather than specific; therefore, I would apply the rule that a trial court will not be reversed for overruling an objection which fails to specify the proper grounds unless such evidence is patently illegal. W.T. Ratliff Company, Inc. v.Purvis, 292 Ala. 171, 291 So.2d 289 (1974).
As the majority opinion shows, defense counsel, during his cross-examination of the witness Billingsley, attempted to show that a person named "Booger Red" had not been charged with the offense. Faced with this evidence, the district attorney had a right to counter with evidence which would show the reason why the witness had not charged "Booger Red" with the offense. The witness testified that he considered "Booger Red" an accomplice but that he had nothing other than Dial's statement upon which to make a case against "Booger Red." It is axiomatic that "[a] conviction of felony cannot be had on the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the commission of the offense." Code 1975, § 12-21-222; see also Senn v. State, 344 So.2d 192 (Ala. 1977). Since the defendant tried to discredit the officer by showing that the officer had not charged "Booger Red" with the offense, I think, on rebuttal, the witness could, and did, explain why he did not charge "Booger Red"; in short, I think that the witness had a right to give a shorthand rendition of the reasons why he did not charge "Booger Red." In any event, under the facts in this case, I do not consider the evidence that the witness considered "Booger Red" an "accomplice" was prejudicial, even if inadmissible. Rule 45, ARAP.