PER CURIAM.
The appellants, Shearn Moody, Jr., and W. Steve Smith, as Moody’s trustee in bankruptcy, appeal from a judgment rendered in Jefferson County Circuit Court in the receivership action of Empire Life Insurance Company (“Empire”). The judgment was rendered in response to a counterclaim filed by the appellants, and it orders certain distributions of Empire’s funds to approved creditors. We affirm.
In 1972, Empire was found to be in a very poor financial position, and consequently was forced into receivership in Jefferson County by the state insurance commissioner for the purpose of liquidation. Moody, who had been the president of Empire and was the principal shareholder, intervened as a defendant in that action in 1973. Because of the receivership action, Protective Life Insurance Company agreed to reinsure the Empire policyholders under a “reinsurance treaty.” This treaty was approved by this Court in 1977. Moody v. State ex rel. Payne, 344 So.2d 160 (Ala.), cert. denied, 434 U.S. 996, 98 S.Ct. 634, 54 L.Ed.2d 490 (1977), reh’g denied, 434 U.S. 1089, 98 S.Ct. 1288, 55 L.Ed.2d 796 (1978).
In 1974, the receiver for Empire began a fraud action in federal court against Moody, and in 1979 obtained a judgment for $6.3 million. Meyers v. Moody, 475 F.Supp. 232 (N.D.Tex.1979), aff’d, 693 F.2d 1196 (5th Cir.1982), reh’g denied, 701 F.2d 173 (5th Cir.1983), cert. denied, 464 U.S. 920, 104 S.Ct. 287, 78 L.Ed.2d 264 (1983). In 1983, Moody filed for bankruptcy in North Carolina, and that action was transferred to Texas in 1985. Smith is the trustee for Moody in the bankruptcy action. For a more complete statement of the facts surrounding the misfortunes of Empire, see Meyers v. Moody, 693 F.2d at 1201-05.
Since 1972, a substantial amount of litigation has arisen out of these events, resulting in at least seven reported decisions by this Court and nineteen reported decisions overall, as well as several unreported decisions. Much of the litigation has arisen because of Moody’s continuous attempts “to prevent and harass the receivership action.” Moody v. State ex rel. Payne, 355 So.2d 1116, 1118 (Ala.), cert. denied, 439 U.S. 910, 99 S.Ct. 279, 58 L.Ed.2d 256 (1978).
The present action involves a petition filed by the receiver asking for a judgment ordering partial distribution of Empire’s funds to approved creditors. The appellants challenged the petition by filing a “Motion to Dismiss or to Stay Proceedings” based on the ground that a restraining order, issued in Moody’s bankruptcy action, pursuant to 11 U.S.C. § 105, prohibited a hearing on the petition. The appellants also filed an answer to the petition, and they filed a counterclaim, which was primarily a counter-proposal for the distribution of Empire’s funds. A hearing was set for April 23, 1985, on the petition, the counterclaim, and the motion. However, the hearing was continued until June 12, 1985, at which time counsel for Moody presented a “Motion to Cancel” the hearing based on the § 105 restraining order.
*854 At the June 12, 1985, hearing, the motions filed by the appellants to halt the hearing were argued and were overruled. Thereafter, the trial judge proceeded to hear evidence on the appellants’ counterclaim, the attorneys for petitioner having stipulated that the petition could be set aside temporarily and the counterclaim argued. However, counsel for the appellants stated that they were not prepared to proceed on the counterclaim because they had relied upon the § 105 restraining order, and they thereafter refused to participate in the hearing. Nevertheless, counsel for the receiver and counsel for Protective Life Insurance Company proceeded with the hearing.
On July 1, 1985, the trial judge issued a “Judgment and Decree” setting forth a distribution schedule for Empire’s funds. Moody and Smith are dissatisfied with the distribution schedule, and they appeal from the judgment.
I.
The appellants argue that the trial court erred by hearing evidence and rendering a judgment concerning the receivership because, they argue, these proceedings were prohibited by a bankruptcy court’s restraining order filed in the bankruptcy case of Shearn Moody, debtor. The restraining order was issued pursuant to 11 U.S.C. § 105(a), and was signed by the bankruptcy judge on November 17, 1983. A similar automatic stay was also issued pursuant to § 362 of the Bankruptcy Code, but this second stay expired by operation of law. See, 11 U.S.C. § 362(e). *
The restraining order purported to enjoin and restrain all persons from “instituting, commencing, continuing or taking any further steps in proceedings or suits against the aforesaid Debtor, or the property of said Debtor until further order of the Court.” It also restrained all creditors “from commencing or continuing any civil action or attempting in any manner whatsoever to collect all or any part of a debt with the Debtor as endorser, guarantor or comaker.” The appellants interpret this order as preventing any action in the Empire receivership proceeding because claims by the debtor, Shearn Moody, would be affected. We disagree with this interpretation.
The receivership proceeding is an in rem or quasi in rem proceeding. Moody v. State ex rel. Payne, 295 Ala. 299, 307, 329 So.2d 73, 80 (1976). This proceeding was initiated in an Alabama state court in 1972, while the bankruptcy proceeding began in a North Carolina federal court in 1983. The question that arises is whether the federal bankruptcy court has effectively prohibited the state receivership action by issuing an 11 U.S.C. § 105 restraining order.
Because a receivership action is an in rem or quasi in rem action, the receivership court has exclusive jurisdiction to deal with the property of the insolvent corporation. In Moody v. State ex rel. Payne, supra, this Court quoted the following passage from Donovan v. City of Dallas, 377 U.S. 408, 84 S.Ct. 1579, 12 L.Ed.2d 409 (1964):
“ ‘Early in the history of our country a general rule was established that state and federal courts would not interfere with or try to restrain each other’s proceedings. That rule has continued substantially unchanged to this time. An exception has been made in cases where a court has custody of property, that is, proceedings in rem or quasi in rem. In such cases this Court had said that the state or federal court having custody of such property has exclusive jurisdiction to proceed. Princess Lida v. Thompson, 305 U.S. 456, 465-468, 59 S.Ct. 275, 280, 281, 83 L.Ed. 285 [291].’ ” (Emphasis added.)
295 Ala. at 307, 329 So.2d at 79-80. See also, Turton v. Turton, 644 F.2d 344, 348 (5th Cir.1981).
Also in Moody v. State ex rel. Payne, supra, we stated with approval the following statement by Judge Robert Varner in a related unreported opinion:
“It appears to be the settled rule with respect to suits in equity for the control *855 by receivership of the assets of an insolvent corporation that the Court first assuming jurisdiction may maintain and continue to exercise that jurisdiction to the exclusion of any other court.”
295 Ala. at 307, 329 So.2d at 80.
The exclusive jurisdiction exercised hy the receivership court was recognized in related litigation by U.S. District Judge J. Foy Guin, Jr., who, in an order of January 23,1984, stated: “This Court determines as a matter of law that the Empire receivership case is not subject to bankruptcy proceedings of any type.” Judge Guin, in an order of February 17, 1984, also stated: “The Empire receivership proceedings ... are not, as a matter of law, subject to the jurisdiction of federal bankruptcy courts.”
Furthermore, the § 105 restraining order does not apply in this case because bankruptcy courts have held that a § 105 restraining order cannot be used to extend the bankruptcy “automatic stay” provision of 11 U.S.C. § 362 once the § 362 stay has expired. In the case of In re Wood, 33 B.R. 320, 322-23 (Bankr.D.Idaho 1983), the plaintiff attempted to avoid the thirty-day automatic termination provision of § 362(e) by filing a motion for a restraining order pursuant to § 105. The court held that § 105 could not nullify the operation and the termination provision of § 362, because Congress has expressly limited the length of such a stay. The court concluded that it could not “vary the operation of the Code through recourse to § 105(a).” This reasoning has been followed in In re Pirsig Farms, Inc., 46 B.R. 237 (Bankr.D.Minn. 1985), and In re Willbet Enterprises, Inc., 43 B.R. 90 (Bankr.E.D.Pa.1984).
Therefore, on the basis of our opinion in Moody v. State ex rel. Payne, supra, which followed the holdings of Donovan, supra, Princess Lida, cited in the excerpt from Donovan, and Kline v. Burke Construction Co., 260 U.S. 226, 43 S.Ct. 79, 67 L.Ed. 226 (1922), as well as the bankruptcy decisions cited above, we hold that the receivership court in Jefferson County has exclusive jurisdiction to deal with the assets of Empire, and that the restraining order issued in Moody’s bankruptcy action is not effective to halt the instant cause. We should not be understood as collaterally attacking the § 105 order, because we are holding only that the § 105 order does not prohibit the specific proceedings in this case.
II.
In response to the “Report of the Receiver and Petition for Instructions,” the appellants filed an “Answer” and a document entitled “Counterclaim, Counterproposal, and Requests for Modification.” The appellants argue that the part of their responsive document entitled “Counterclaim, Counterproposal, and Requests for Modification” is not a “counterclaim,” but was mistakenly labeled and is only a statement of a defense to the receiver’s report and petition. Therefore, they contend, the pleading should not have been ruled on during the June 12 hearing, and the distribution schedule ordered as a result of the hearing on the “Counterclaim, Counterpro-posal, and Requests for Modification” was not proper.
We recognize that “[t]he trial court can treat a motion improperly characterized as a counterclaim as an affirmative defense and treat the pleading as though it had been properly designated.” Goza v. Goza, 470 So.2d 1262, 1265 (Ala.Civ.App.1985); see also, Rule 8(c), A.R.Civ.P. However, this pleading contains all of the earmark-ings of a counterclaim, in that it is clearly entitled as such, has a statement of a claim showing entitlement to relief, and contains a demand for relief. See, Rule 8(a), A.R. Civ.P.
Nonetheless, we need not decide the true character of this pleading. Defects in a pleading will not be considered on appeal if the pleading was not objected to at trial on the specific ground being alleged on appeal. Boykin v. First Alabama Bank of Birmingham, 384 So.2d 10 (Ala.1980); W.T. Ratliff Co. v. Purvis, 292 Ala. 171, 291 So.2d 289 (1974). The record does not reveal any objection to the trial court’s *856 consideration of this pleading as a “counterclaim.” In fact, the record shows that counsel for the appellants referred to this pleading as a “counterclaim” throughout the June 12 hearing and throughout the hearing on their motion for a new trial. Therefore, the alleged error is not properly before this Court for review.
III.
The appellants argue that the June 12, 1985, hearing on the counterclaim was a denial of due process because they did not have the opportunity to be heard or to fully and fairly litigate the issue. They claim that they had relied on the § 105 restraining order to prohibit a hearing on the counterclaim and were not prepared to proceed on the merits. They cite Fuentes v. She-vin, 407 U.S. 67, 92 S.Ct. 1983, 33 L.Ed.2d 556, reh’g denied, 409 U.S. 902, 93 S.Ct. 177, 34 L.Ed.2d 165 (1972), as the sole authority for their argument.
Fuentes held the Florida and Pennsylvania replevin statutes invalid because they allowed creditors to obtain possession of property without first allowing the debt- or an opportunity to be heard on the matter. Fuentes does not require a reversal here, because these appellants were clearly given an opportunity to be heard prior to the ruling, but they declined to offer any witnesses or evidence. The record discloses three separate occasions when the trial judge asked appellants’ counsel to present their case, but they declined each time on the ground that they were unprepared because they had relied on the § 105 order. The appellants could have, but did not, request a continuance when their motion to stay the proceedings was overruled. Furthermore, both sides had conducted discovery on the issue. We hold that the appellants’ due process rights were not infringed, because they were given ample notice of the hearing and were afforded an opportunity to be heard at a meaningful time and in a meaningful manner. See, Dirt, Inc. v. Mobile County Commission, 739 F.2d 1562, 1566 (11th Cir.1984); Humane Society of Marshall County v. Adams, 439 So.2d 150, 152 (Ala.1983). AFFIRMED.
TORBERT, C.J., and MADDOX, FAULKNER, BEATTY and HOUSTON, JJ., concur.