STEAGALL, Justice.
Swope Alabaster Supply (hereinafter “Swope Supply”), who was the defendant/third-party plaintiff, appeals from a summary judgment granted in favor of the City of Alabaster and T.M. Allen, third-party defendants. We affirm in part and reverse in part.
This action began on September 5, 1984, when Gary and Beverly Nichols filed a complaint against Swope Supply, seeking damages for breach of warranty and misrepresentation. The Nicholses had purchased a house from Swope Supply on September 6,1983. The complaint alleged that prior to the “closing” of the purchase of the house on September 6, 1983, the backyard of the property was flooded and that Swope Supply represented that the problem would be solved.
On October 29, 1984, Swope Supply filed a motion to dismiss or, in the alternative, a motion to join the City of Alabaster as an indispensable party pursuant to Rule 19, A.R.Civ.P. Swope Supply argued that the City, through its building inspector (Allen), had accepted responsibility for the drainage problems asserted by the Nicholses and, therefore, that the City should have been joined as an indispensable party. The motion to dismiss and the motion to join the City as an indispensable party were overruled in May 1985.
In June 1985, Swope Supply filed answers to the Nicholses’ complaint. On September 13, 1985, Swope Supply filed a third-party complaint against the City. On December 10, 1985, the City filed a motion for summary judgment with a supporting affidavit. The affidavit stated that a notice of claim, as required by Ala. Code 1975, § 11-47-23, had not been filed with the City within six months of the accrual of the claim. Swope Supply did not offer any affidavits in opposition to the motion for summary judgment.
The trial court granted the motion for summary judgment after expressly finding that the claims stated in the third-party complaint were founded in tort and that the City did not receive notice of Swope Supply’s claim within six months of September 5, 1984. The trial court also stated, as a reason for granting summary judgment, that Swope Supply and the City were joint tort-feasors, and that the third-party complaint sought contribution from the City, which is not allowed among joint tort-feasors.
The City relies on the following statute:
“All claims against the municipality (except bonds and interest coupons and claims for damages) shall be presented to the clerk for payment within two years from the accrual of said claim or shall be barred. Claims for damages growing out of torts shall be presented within six months from the accrual thereof or shall be barred.” Ala.Code 1975, § 11-47-23. (Emphasis added.)
*929 The first issue that must be addressed is whether the third-party complaint sounds in tort only. The third-party complaint seeks indemnity from the City under the following theories: breach of contract, promissory estoppel/implied contract, negligence and wantonness, and fraud. Swope Supply asserts in its third-party complaint that the City agreed in writing that it was responsible for the maintenance of all easements in the subdivision where the property in question is located. Swope Supply relies on the following letter as evidence of a contract between it and the City or between the City and the Nicholses with Swope Supply as an intended beneficiary.
“ ‘To Whom It May Concern:
“This is to advise that the City of Alabaster is responsible for the maintenance of all easements in Meadowlark Sub-division located in the city limits of Alabaster.
“Sincerely,
“/s/ T.M. Allen,
“Building Inspector”
The letter was presented by Swope Supply to the Nicholses at “closing” to indicate that the drainage problem would be solved.
“The elements of a contract are agreement, consideration, two or more contracting parties, legal object, and capacity.” Lawler Mobile Homes, Inc. v. Tarver, 492 So.2d 297, 303 (Ala.1986). We note that, although neither the Nicholses nor Swope Supply signed the letter, the object of a signature is to show mutuality and assent, but unless a contract is required by statute to be in writing, it need not be signed if it is accepted and acted upon. Whether a writing was accepted and acted upon as a contract is a question for the jury. Bell v. Washington, 373 So.2d 865 (Ala.Civ.App.1979).
Swope Supply contacted the City, seeking confirmation of its belief that the City would be responsible for maintaining the easement adjacent to the property in question. The City agreed in writing, as set forth in the letter quoted above, which it gave to Swope Supply, that it was responsible for the maintenance of all easements in the subdivision where the property in question is located.
We find that these facts constitute evidence of a contract between the City and Swope Supply or between the City and the Nicholses. Accordingly, we conclude that Swope Supply’s third-party complaint sounds in contract, as well as in tort, and that the trial court erred in dismissing the contract causes of action alleged in the complaint. Insofar as the judgment related to the contract claims, it is reversed.
It is evident from the pleadings, the depositions of the Nicholses, and Swope Supply’s motion in opposition to the City’s summary judgment motion that Swope Supply was aware of any claims it might have against the City on September 5, 1984, the date the Nicholses filed their complaint, or at the latest, on October 29, 1984, the date Swope Supply filed its motion to add the City as an indispensable party. However, the third-party complaint was not filed until September 13, 1985, and the City was not given notice of Swope Supply’s tort claims before that date. Thus, Swope Supply failed to comply with the six-month notification provisions of Ala. Code 1975, § 11-47-23, with respect to the tort claims. Accordingly, the tort causes of action alleged in the third-party complaint are barred; the judgment of the trial court with respect to those causes of action is affirmed.
Our decision on these two issues makes it unnecessary to discuss the trial court’s other reason for granting summary judgment for the City.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
TORBERT, C.J., and JONES, SHORES and ADAMS, JJ., concur.